

**Michael M. Ratoza, OSB No. 76301**
E-Mail: mratoza@gsblaw.com
**Laura Caldera Taylor, OSB No. 99378**
E-mail: ltaylor@gsblaw.com
**Adam R. Kelly, OSB No. 02343**
E-mail: akelly@gsblaw.com
GARVEY SCHUBERT BARER
Eleventh Floor
121 S.W. Morrison Street
Portland, Oregon  97204-3141
Telephone: (503) 228-3939
Fax: (503) 226-0259

FILED'05 AUG 23 15:58USDC-ORP

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **WYEAST LABORATORIES, INC.,** an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SOCIÉTÉ INDUSTRIELLE LESAFFRE (aka S.I. LESAFFRE),** a French corporation, and **FERMENTIS,** an unincorporated association,<br><br>Defendants. | Case No. '05 1316 ST<br><br>**COMPLAINT**<br><br>**UNFAIR COMPETITION**<br>**FALSE ADVERTISING**<br>**OREGON TRADEMARK**<br>**INFRINGEMENT**<br>**OREGON UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges as follows:

<u>JURISDICTION</u>

1. This is an action for federal false description and false designation of origin, plus false

advertising, pursuant to 15 U.S.C. §1125(a), Oregon trademark infringement pursuant to ORS

647.095, and the common law of unfair competition and dilution. This Court has subject matter

COMPLAINT<br>Page 1



jurisdiction over the federal claims, together with the common law unfair competition and dilution claims, pursuant to 15 U.S.C. §1121, and 28 U.S.C. §1331, §1332(a) and §1338(a,b). This Court has subject matter jurisdiction over the non-federal claims pursuant to 28 U.S.C. §1338(b) and §1367(a).

VENUE

2. Venue is vested in this Court pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of the action is situated, in this District.

PARTIES

3. The parties are identified as follows:

3.1 At all material times, Plaintiff Wyeast Laboratories, Inc., (hereafter, "Plaintiff" or "Wyeast") is an Oregon corporation duly organized and existing under the laws of the State of Oregon with its principal place of business in Odell, Hood River County, Oregon. At all material times, Plaintiff engages in the business *inter alia* of manufacture, distribution and sales of brewers' yeast.

3.2 At all material times, Defendant Société Industrielle Lesaffre, also known under the name and style of S.I. Lesaffre, is a French corporation with its principal place of business in Marcq en Baroeul, France. At all material times, this Defendant engages in the business *inter alia* of manufacture, distribution and sales of yeast products individually and by and through its division, Defendant Fermentis.

3.3 At all material times, and upon information and belief, Defendant Fermentis is an unincorporated association with its principal place of business in France. Defendant Fermentis is engaged in the business *inter alia* of manufacture, distribution and sales of brewers' yeast.

FACTUAL BACKGROUND

4. Brewers yeast is a critical component in the fermentation of beers. Fermentation, the process by which fermentable barley malt sugars in wort are converted by yeast into alcohol, carbon dioxide and flavor compounds, is dependent, in large part, on the quality and style of the

yeast added to the wort.

5. Plaintiff is a small, family-owned corporation that has been engaged in the yeast development and manufacturing business since its incorporation in 1993. Plaintiff's unincorporated predecessor had been engaged in the yeast development and manufacturing business since 1986. Plaintiff develops, manufactures, distributes and sells numerous well-known specialty strains of yeast for use in the fermentation of *inter alia* beers by both commercial breweries and home brewers.

6. Different yeast strains produce differing fermentation results, including differing flavor and aromatic characteristics in the production of various styles of beers. This case deals with one specialty strain of yeast manufactured and sold by Plaintiff under the trademark "1056 American Ale." The characteristics of this strain make it particularly well-suited for the manufacture of American ale styled beers, such as American pale ale and IPA, among others. Plaintiff's 1056 American Ale yeast produces a clean and crisp flavor characteristic, with low fruitiness and mild ester production, allowing the malt and hop character to dominate the beer profile. Plaintiff manufactures and sells the 1056 American Ale yeast in liquid form by which the yeast is suspended in a liquid base with malt nutrients. Plaintiff does not manufacture and sell its 1056 American Ale yeast in dry form.

7. The particular fermentation characteristics of Plaintiff's 1056 American Ale yeast, including its manufacture in liquid form, have made this strain of yeast highly desirable and popular among both commercial breweries and home brewers in this judicial district, in the United States and world-wide. Due in large measure to customer acceptance and demand for Plaintiff's 1056 American Ale yeast, Plaintiff has become the leading supplier of fermentation yeast cultures for brewers throughout the world. In fact, the desirable characteristics of Plaintiff's 1056 American Ale yeast has contributed to its significant sales since 1988 in this judicial District, in the United States and through out the world, and has contributed to the use of this yeast product in over fifty percent of the world-wide production of American ale and similarly-styled beer.

8. Upon information and belief, Defendant Société Industrielle Lesaffre ("SIL") is the world leader in the manufacture and sale of bakery yeast, which is its principal product. Upon information and belief, this Defendant owns or controls yeast manufacturing plants throughout the world.

9. Upon information and belief, SIL became interested in developing a brewers' yeast business in North America at some point in time prior to 2003. In 2003, upon information and belief, SIL caused Lesaffre Yeast Corporation ("LYC") to approach Plaintiff and negotiate with Plaintiff about the prospect of acquiring Plaintiff's business and assets. LYC is a Delaware corporation and, upon information and belief, is affiliated with, or in some measure owned by, or in some measure controlled by, SIL. Due to Plaintiff's substantial market share of the U.S. brewer's yeast market, coupled with the inestimable esteem and goodwill in the U.S. brewers' yeast market enjoyed by Plaintiff, the acquisition of Plaintiff's business by SIL, by and through LYC, would provide it with an immediate and substantial presence in the U.S. brewer's yeast market along with the benefit from Plaintiff's inestimable esteem and goodwill.

10. Plaintiff packages its 1056 American Ale yeast for the home brewing market in 125 ml pouches exhibiting a distinctive style consisting of a blue color background, containing multiple shades of blue, and prominently featuring a frothy mug of light-colored beer.

11. Since long before the acts of Defendants complained of herein, Wyeast has marketed, advertised and promoted its yeast brands, including the 1056 American Ale trademark, extensively. Such marketing, advertising and promotion have been directed both to the commercial beer brewing industry and to the home brewing market. Such marketing, advertising and promotion have been successful in that they have contributed, in conjunction with Plaintiff's yeast's high quality, consistent uniformity, and reliable and specialized fermenting characteristics, to significant sales of yeast bearing the 1056 American Ale trademark.

12. Since long prior to the acts of Defendants complained of herein, the Wyeast 1056 American Ale brand of brewing yeast has become widely known and highly desired by commercial and home beer brewers due to its high and consistent quality of manufacture, its

consistent uniformity, and its reliable and consistent characteristics in fermenting American Ale styled beer.

13. Since long prior to the acts of Defendants complained of herein, Plaintiff's 1056 American Ale yeast has acquired an outstanding, valuable and far reaching reputation among the trade and public as a result of Plaintiff's extensive marketing, advertising and promotion, concomitant widespread sales, the care and skill utilized in the development and manufacture of the specialized strain of brewer's yeast bearing the 1056 American Ale trademark, and the superior quality and desirable features of the yeast sold under this mark. This trademark has also acquired outstanding celebrity symbolizing the very valuable goodwill that Plaintiff has created throughout the United States and the world by the development and manufacture of the specialized beer yeast strain, by the consistent and highly dependable quality and characteristics of the yeast strain, and by Plaintiff's fair and honorable dealings with the trade and public in the sale of this product. This 1056 American Ale trademark and the specialized product packaging, together with the goodwill of Plaintiff's business associated with the said mark, are of great and incalculable value, are highly distinctive and arbitrary, and have become universally associated in the public's mind with products of the highest quality and reputation, finding their source in Plaintiff Wyeast.

14. In December 2003, LYC offered to acquire Plaintiff's yeast business for the benefit of Defendants SIL and Fermentis. The LYC offer was not accepted and no sale of Plaintiff's business occurred. In early 2004, a few weeks following LYC's aforestated offer to Plaintiff, Defendant Fermentis commenced marketing, distributing and selling a strain of dry brewing yeast under the name "US 56" and contained in a blue package. The US 56 name is substantially and deceptively similar to, and is a colorable imitation and confusing variant of, the prominent components of Plaintiff's 1056 American Ale trademark. The packaging used for US 56 is substantially and deceptively similar to, and is a colorable imitation and confusing variant of, the trade dress employed by Plaintiff for its 1056 American Ale yeast.

15. Upon information and belief, Defendant Fermentis commenced use of the said

COMPLAINT
Page 5

deceptively similar US 56 name and its associated packaging with the knowledge, consent, direction and authorization of SIL.

16. Defendant Fermentis' US 56 dry brewing yeast is designed and intended for use in the fermentation of the same style of beer as Plaintiff's 1056 American Ale brewing yeast. Defendant Fermentis markets its US 56 brewing yeast to the same relevant consumers of Plaintiff's 1056 American Ale brewing yeast.

17. In its advertising in an industry trade magazine widely circulated to commercial and home beer brewers, Fermentis announced: "Safale US-56 … New for 2004 … The most famous ale yeast strain found across America, now exclusively from Fermentis as a ready to pitch dry yeast." This announcement referred by implication to Plaintiff's 1056 American Ale trademarked yeast strain in that Plaintiff's said yeast is, in fact, the most famous ale yeast strain found across America. Upon information and belief, Defendant Fermentis has marketed and advertised its brewing yeast in other venues in a similar manner; that is, by inferring an association between its brewing yeast and that of Plaintiff and/or by claiming similar nature, characteristics and qualities for its brewing yeast as those of Plaintiff's brewing yeast. The said Fermentis ads are false and the implication that Plaintiff's most famous 1056 American Ale strain is now available exclusively from Fermentis as a dry yeast is not true. The said ads imply that Plaintiff and its 1056 American Ale yeast are associated or aligned in some way with Fermentis. This is false. The said ads imply that Fermentis' US 56 yeast derives from Plaintiff's 1056 American Ale yeast, or possesses similar nature, characteristics and/or qualities as Plaintiff's 1056 American Ale yeast. This is false.

18. The Fermentis yeast sold under the US 56 name is a dry yeast and, as such, does not provide the same high quality and consistent fermentation characteristics as a liquid yeast and is thereby inferior to Plaintiff's liquid 1056 American Ale yeast.

19. Upon information and belief, and at all material times, SIL owns Defendant Fermentis or, alternatively, controls, authorizes and/or directs the relevant conduct of Defendant Fermentis and/or, alternatively, Defendant Fermentis is a division of SIL.

## FIRST CLAIM OF RELIEF

[§43(a) Lanham Act, 15 U.S.C. §1125(a) –

False Description and False Designation of Origin]

20. Plaintiff hereby incorporates by reference as if fully set out paragraphs 1 through 19, inclusive.

21. Defendant Fermentis' acts alleged above constitute false description and false designation as to the origin, quality, affiliation, sponsorship, approval and characteristics of Fermentis' infringing US 56 name and associated packaging of its dry brewers' yeast with respect to Wyeast's specialty liquid yeast strain sold under the 1056 American Ale trademark.

22. Upon information and belief, Defendant Fermentis, with knowledge that its alleged wrongful acts constitute false description and false designation as above alleged, have caused its US 56 yeast to be manufactured in Eastern Europe and to be marketed, sold and transported under the deceptively similar name and packaging in this District, and in interstate and foreign commerce.

23. Defendant Fermentis is not authorized or licensed by Plaintiff to manufacture, distribute and sell yeast bearing a colorable and deceptive imitation of Plaintiff's prior and superior trademark and trade dress.

24. Upon information and belief, the use by Defendant Fermentis of a colorable imitation and deceptive variant of Plaintiff's said trademark and trade dress on and in connection with the advertising, display, marketing, distribution and sale of its dry brewers' yeast is likely to cause, and has caused, confusion by, or mistake or deception of, the relevant consuming public including commercial breweries and home brewers.

25. The claimed wrongful conduct of Defendant Fermentis creates a likelihood that a false and unfair association will be made between the dry yeast of Defendant Fermentis and the liquid yeast of Plaintiff, in that the trade and public are likely to believe that Defendant Fermentis' yeast is connected with, originates with or is authorized, approved, produced or sponsored by, Plaintiff.

26. Upon information and belief, the claimed wrongful conduct of Defendant Fermentis has occurred with full knowledge of Plaintiff's superior right in its 1056 American Ale trademark and associated trade dress, and has occurred with the intention to usurp and infringe Plaintiff's rights therein so as to arrogate unto Defendant Fermentis, for its benefit and for the benefit SIL, the advantages, value and goodwill of Plaintiff's trademark and trade dress, and of the highly valuable consumer association therewith.

27. The wrongful conduct of Defendant Fermentis has harmed and tarnished the reputation and goodwill of Plaintiff and of its 1056 American Ale yeast product and trade dress, and has diverted sales from Plaintiff in a presently unknown amount, which harm and wrongful diversion are ongoing.

28. Upon information and belief, by its wrongful acts as alleged above, Defendant Fermentis and SIL have made substantial wrongful profits, in a presently unknown amount, to which they are not entitled. Defendants continue to earn wrongful profits.

29. Upon information and belief, Plaintiff's damages and Defendants' wrongful profits exceed the sum of $75,000. Plaintiff reserves the right to amend its damages claim as the full amount of its damages becomes established.

30. As a direct and proximate result of the wrongful conduct above alleged, Plaintiff has suffered, and will continue to suffer, serious harm in an unknown amount. Plaintiff is entitled to an injunction against Defendants restraining the continuing wrongful use of prominent components of Plaintiff's trademark and trade dress. Unless enjoined, the alleged offending conduct will likely continue and Plaintiff's damage will be irreparable. Plaintiff has no plain, speedy or adequate remedy at law.

31. Plaintiff is entitled to an order of delivery and destruction of all goods, articles and trade dress bearing infringing elements of Plaintiff's trademark, pursuant to 15 U.S.C. §1118.

**SECOND CLAIM OF RELIEF**

[§43(a) Lanham Act, 15 U.S.C. §1125(a) – False Advertising]

32. Plaintiff hereby incorporates by reference as if fully set out paragraphs 1 through 31,

inclusive.

33. Defendant Fermentis' acts of false advertising create a false impression among the relevant public concerning the nature, qualities, advantages, features, characteristics, association and origin of its dry brewers' yeast with Plaintiff's liquid yeast. Its false advertising constitutes false description and false designation as to the nature, origin, quality, affiliation, sponsorship, approval and characteristics of Defendant Fermentis' dry yeast with Plaintiff's liquid 1056 American Ale yeast.

34. Upon information and belief, the use by Defendant Fermentis of the false and misleading advertising regarding its dry brewers' yeast with Plaintiff's liquid brewers' yeast is likely to cause, and has caused, confusion by, or to cause mistake or deception of, the relevant consuming public, including commercial breweries and home brewers.

35. The claimed wrongful conduct of Defendant Fermentis creates a likelihood that a false and unfair association will be made between the dry yeast of Defendant Fermentis and the liquid yeast of Plaintiff, in that the trade and public are likely to believe that Defendant Fermentis' yeast is connected with, originates with, or is authorized, approved, produced or sponsored by, Plaintiff.

36. Upon information and belief, the claimed wrongful conduct of Defendant Fermentis has occurred with the intention and result to usurp and infringe Plaintiff's rights in its superior trademark and superior yeast product so as to arrogate unto the Defendant Fermentis, for its benefit and for the benefit SIL, the advantages, value and goodwill of Plaintiff's trademark, and of the highly valuable consumer association therewith.

37. The wrongful conduct of Defendant Fermentis has harmed and tarnished the reputation and goodwill of Plaintiff and of its 1056 American Ale product, and has diverted sales from Plaintiff in a presently unknown amount, which harm and wrongful diversion are ongoing.

38. Upon information and belief, by its wrongful acts as alleged above, Defendants Fermentis and SIL have made substantial wrongful profits, in a presently unknown amount, to which they are not entitled. Defendants continue to earn wrongful profits.

COMPLAINT
Page 9

39. Upon information and belief, Plaintiff's damages and Defendants' wrongful profits exceed the sum of $75,000. Plaintiff reserves the right to amend its damages claim as the full amount of its damages becomes established.

40. As a direct and proximate result of the wrongful conduct above alleged, Plaintiff has suffered, and will continue to suffer, serious harm in an unknown amount. Plaintiff is entitled to an injunction against Defendants restraining the continuing false advertising and use of prominent components of Plaintiff's trademark. Unless enjoined, the alleged offending conduct will likely continue and Plaintiff's damage will be irreparable. Plaintiff has no plain, speedy or adequate remedy at law.

41. Plaintiff is entitled to an order of delivery and destruction of all goods, articles and trade dress bearing infringing elements of Plaintiff's trademark, pursuant to 15 U.S.C. §1118.

### THIRD CLAIM OF RELIEF

[Oregon Trademark Infringement]

42. Plaintiff hereby incorporates by reference as if fully set out paragraphs 1 through 41, inclusive.

43. At all material times, Plaintiff is the owner and user of the 1056 American Ale trademark for brewing yeast. The mark was registered as a trademark with the Oregon Secretary of State Corporation Division on May 10, 2005 pursuant to ORS 647.015. Attached as Exhibit 1 is a true and accurate copy of the trademark registration form filed with, and accepted by, the Oregon Secretary of State Corporation Division.

44. The 1056 American Ale trademark registered by Plaintiff in Oregon has been used continuously by Plaintiff or its predecessor in connection with the sale, offering for sale, advertising or distribution of Plaintiff's specialty 1056 American Ale liquid yeast for brewing American-styled ale since February 24, 1988.

45. Defendant Fermentis' use of the "US 56" name on its dry brewing yeast constitutes an infringement of Plaintiff's registered Oregon trademark with respect to the prominent components of Plaintiff's mark. By virtue of its US 56 name applied to dry brewing yeast,

Defendant Fermentis is using and/or displaying a deceptive and colorable imitation of the prominent components of Plaintiff's 1056 American Ale trademark in connection with the sale, offering for sale and/or advertising of Defendant Fermentis' dry brewers' yeast in Oregon. Defendant Fermentis is applying deceptive and colorable imitations of the prominent components of the 1056 American Ale trademark to labels, prints, packages, wrappers or advertisements used upon, or in conjunction with, the sale or other distribution in Oregon of Defendant Fermentis' dry brewers' yeast.

46. Defendant Fermentis' use, display and/or application of the US 56 name in Oregon is without Plaintiff's consent or authorization and is used in connection with the sale, offering for sale, advertising or distribution of the same class of good as is provided by Plaintiff. Defendant Fermentis' use, display and/or application of the infringing US 56 name is directed at the same customers and potential customers of Plaintiff and to the same consumer market.

47. Defendant Fermentis' use, display and/or application of the infringing US 56 name is likely to cause, and has already caused, confusion, mistake and/or deception as to the source of origin of the goods provided by Defendant Fermentis.

48. Defendant Fermentis' use, display and/or application of the infringing US 56 name is in violation of ORS 647.095(1)(a) and (b) and constitutes infringement of Plaintiff's registered mark.

49. As a direct and proximate result of the wrongful conduct above alleged, Plaintiff has suffered, and will continue to suffer, serious harm in an unknown amount. Plaintiff is entitled to an injunction against Defendants restraining the continuing infringing use of prominent components of Plaintiff's trademark, pursuant to ORS 647.107. Unless enjoined, the alleged offending conduct will likely continue and Plaintiff's damage will be irreparable. Plaintiff has no plain, speedy or adequate remedy at law.

50. As a result of Defendant Fermentis' aforestated wrongful conduct, Plaintiff is entitled to damages against Defendants, jointly and severally, for the greater of (a) $10,000.00, or (b) the sum of three times Defendants' profits derived from the aforestated infringing conduct plus three

times Plaintiff's damages caused by the aforestated infringing conduct, pursuant to ORS 647.105.

51. As a result of Defendant Fermentis' aforestated wrongful conduct, Plaintiff is entitled to an order against Defendants, jointly and severally, of delivery, seizure and destruction regarding all materials in their possession, custody and control containing infringing images of Plaintiff's registered trademark, or colorable components thereof, pursuant to ORS 647.111.

## FOURTH CLAIM OF RELIEF

### [Oregon Unfair Competition]

52. Plaintiff hereby incorporates by reference as if fully set out paragraphs 1 through 51, inclusive.

53. Plaintiff's 1056 American Ale trademark, its product packaging and trade dress are highly distinctive and arbitrary and have become universally known in the mind of the relevant public with products of the highest quality and reputation, finding their source in Plaintiff Wyeast.

54. Defendant Fermentis' US 56 name contains highly identifiable elements of Plaintiff's trademark.  In addition, Defendant Fermentis is packaging its brewers' yeast in trade dress that is highly similar to and identifiable with Plaintiff's packaging and trade dress.

55. Defendant Fermentis' use of the US 56 name, the related trade dress and false advertising are likely to cause, and have already caused, confusion in the mind of the public as to the source of origin of the goods provided by Defendant Fermentis

56. As a direct and proximate result of the wrongful conduct above alleged, Plaintiff has suffered, and will continue to suffer, serious harm in a presently unknown amount. Plaintiff is entitled to an injunction against Defendants restraining the continuing infringing use of prominent components of Plaintiff's trademark. Unless enjoined, the alleged offending conduct will likely continue and Plaintiff's damage will be irreparable. Plaintiff has no plain, speedy or adequate remedy at law.

57. As a result of Defendant Fermentis' aforestated infringing use, display and/or

application of the US 56 name, Plaintiff is entitled to damages against Defendants, jointly and severally, for an amount to be proven at trial as compensation for Plaintiff's damages and Defendants' wrongful profits.

58. As a result of Defendant Fermentis' aforestated infringing use of the US 56 name and related trade dress, Plaintiff is entitled to an order of seizure and destruction against Defendants, jointly and severally, regarding all materials in their possession, custody and control containing infringing images of components of Plaintiff's trademark and trade dress.

WHEREFORE, Plaintiff prays for a Judgment in its favor as to all Defendants, jointly and severally:

1. For monetary damages under its First and Second Claims for Relief in the amount sufficient to compensate Plaintiff for its damages plus in the amount of Defendants' profits, estimated to be no less than $75,000, and that this sum be trebled pursuant to 15 U.S.C. §1117.

2. For monetary damages under its Third Claim for Relief for the greater of (a) $10,000.00, or (b) the sum of three times Defendants' profits derived from the aforestated infringing conduct plus three times Plaintiff's damages caused by the aforestated infringing conduct pursuant to ORS 647.105.

3. For monetary damages under its Fourth Claim for Relief in the amount  sufficient to compensate Plaintiff for its damages plus in the amount of Defendants' profits, estimated to be no less than $75,000.

4. For Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §1117.

5. For an injunction decreeing that Defendants, and each of them, together with their officers, agents, employees and all others acting under, in concert with, or for them, be permanently restrained and enjoined from doing or causing to be done any of the following acts:

a. Using, directly or indirectly, any material component of Plaintiff's 1056 American Ale trademark, including the component "56," or any variant thereof.

b. Applying any reproduction, counterfeit, copy or imitation of any material component of Plaintiff's 1056 American Ale trademark, including the component "56," or any

COMPLAINT
Page 13

variant thereof, to or on any goods, services or advertising.

      c. Using or copying any material component of Plaintiff's trade dress, or any variant thereof.

      d. Perpetrating any false designation of origin, unfair competition, palming off, false advertising or infringement of Plaintiff's trademark and/or trade dress, or any component part thereof, so as likely to cause confusion, or mistake or deception as to the affiliation, connection or association of Defendant Fermentis' goods with those of Plaintiff, or as to the origin, sponsorship or approval of Defendant Fermentis' goods by Plaintiff.

      e. In commercial advertising or promotion, misrepresenting the nature, characteristics or qualities of Defendant Fermentis' goods with those of Plaintiff, or causing a likelihood of confusion, mistake or deception as to the origin, affiliation, connection or association between Defendants and Plaintiff.

      f. Injuring Plaintiff's separate business reputation and diluting the distinctive quality which adheres to its trademark, or any component thereof.

      g. Ordering the impoundment and destruction of all goods bearing the infringing and confusing symbol US 56, pursuant to 15 U.S.C. §1118 and ORS 647.111.

      h. Ordering that Defendants make a diligent effort to recall all goods and advertisement bearing the confusing symbol US 56.

      i. Ordering that Defendants make and file a report under oath with this Court, and serve on Plaintiff, within 30 days following service of the injunction, setting forth in detail the manner and form in which they have complied with the injunction.

////

////

////

////

////

////

COMPLAINT
Page 14

5. For such other and further relief as the Court finds just and reasonable.

DATED this 23 day of August, 2005.

GARVEY SCHUBERT BARER

By: _Michael M. Ratoza_
Michael M. Ratoza, OSB #76301
Laura Caldera Taylor, OSB #99378
Adam R. Kelly, OSB #02343

Telephone: (503) 228-3939
Of Attorneys for Plaintiff

Plaintiff requests trial by jury.

DATED this 23 day of August, 2005.

GARVEY SCHUBERT BARER

By: _Michael M. Ratoza_

Michael M. Ratoza, OSB #76301
Laura Caldera Taylor, OSB #99378
Adam R. Kelly, OSB #02343

Telephone: (503) 228-3939
Of Attorneys for Plaintiff

PDX_DOCS:356704.4 [34468-60121]
08/23/05

COMPLAINT
Page 16



Phone: (503) 986-2200
Fax: (503) 378-4381

Secretary of State
Corporation Division
255 Capitol St. NE, Suite 151
Salem, OR 97310-1327
FilinginOregon.com

**Trade and Service Marks—Registration**

# FILED

## MAY 2 3 2005

**OREGON
SECRETARY OF STATE**
For office use only

**REGISTRY NUMBER:** *T-38509*

Please Type or Print Legibly in Black Ink. Attach Additional Sheet if Necessary.

1) **CORRESPONDENT NAME AND MAILING ADDRESS**

Michael M. Ratoza, Attorney

121 SW Morrison, 11th Floor

Portland, OR 97204-3141

2) **APPLICANT'S NAME AND ADDRESS (Owner)**

Wyeast Laboratories, Inc.

P.O. Box 146

Odell, OR 97044

3) **IF THE APPLICANT IS A CORPORATION, ENTER THE STATE OF INCORPORATION.**

Oregon

4) **DESCRIPTION OF TRADE OR SERVICE MARK** (Include all words, designs and borders that comprise the mark)

The words: "1056 American Ale"

5) **SPECIMEN OR FACSIMILE OF MARK IS REQUIRED.**

☑ A specimen or facsimile of the mark is attached to this application.

6) **GOODS OR SERVICES WITH WHICH THE MARK IS USED**
(Examples of goods are pizzas, shirts; examples of services are serving food and selling clothing.)

Brewer's yeast

7) **EXPLAIN MODE OR MANNER IN WHICH THE MARK IS USED**
(Example: on goods, tags, labels, containers, etc.)

Product labels, advertising, brochures, website and

marketing materials.

8) **CLASS NUMBER(S) OF GOODS OR SERVICES** (See form 171A)

130

9) **DATE MARK WAS FIRST USED ANYWHERE BY APPLICANT OR APPLICANT'S PREDECESSOR**
02/24/1988

10) **DATE MARK WAS FIRST USED IN OREGON BY APPLICANT OR APPLICANT'S PREDECESSOR**
06/01/1988

11) **EXECUTION**

Applicant believes that applicant is the owner of the mark and no other person has the right to use such mark in Oregon, either in the identical form thereof, or in such near resemblance thereto, as might be calculated to deceive, or to be mistaken therefore, and applicant declares under penalties of perjury that this application is true, correct and complete.

Signature                                        Date

*David Logsdon*                      May 10, 2005

In accordance with Oregon Revised Statute 192.410-192.490, the information on this application is public record. We must release this information to all parties upon request and it will be posted on our website.

12) **CONTACT NAME** (To resolve questions with this filing.)

Michael M. Ratoza, Attorney

**DAYTIME PHONE NUMBER** (Include area code.)

(503) 228-3939

## FEES

Required Processing Fee    $50
Processing Fees are nonrefundable.
Please make check payable to
"Corporation Division."

NOTE:
Fees may be paid with VISA or MasterCard. The card number and expiration date should be submitted on a separate sheet for your protection.

171 (Rev. 1/04)

05160505207          50.00

**EXHIBIT** 1

**PAGE** 1 **OF** 1

*cw
5-23*